UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

LAWRENCE R. BURFITT,                           Case No. 1:19-cv-781
     Plaintiff,

                                    Barrett, J.
     vs                                       Bowman, M.J.

BRION LAWLESS, *et al*.,                       **ORDER AND REPORT**
     Defendants.                              **AND RECOMMENDATION**


Plaintiff, a prisoner who is currently incarcerated at the Toledo Correctional Institution (ToCI) in Toledo, Ohio, initiated this *pro se* civil rights action, which the Court construes as filed pursuant to 42 U.S.C. § 1983.[1]  Plaintiff alleges that defendant Southern Ohio Correctional Facility (SOCF) employees "Brion Lawless," "Linnea Mahlman," "Tyler Parish," "Lieutenant Haywood," and "Lieutenant Bowers" violated plaintiff's rights while he was housed at SOCF. By separate Order, plaintiff has been granted leave to proceed *in forma pauperis.*

This matter is now before the Court for a s*ua sponte* review of the complaint to determine whether the complaint or any portion of it should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief.  *See* Prison Litigation Reform Act of 1995 § 804, 28 U.S.C. § 1915(e)(2)(B); § 805, 28 U.S.C. § 1915A(b).

I.      **Screening of Complaint**

     A.      **Legal Standard**

In enacting the original *in forma pauperis* statute, Congress recognized that a "litigant

---

[1]*See Chapman v. Houston Welfare Rights Org*., 441 U.S. 600, 617 (1979) ("Section 1983 provides a private cause of action for the deprivation, under color of state law, of 'rights . . . secured by the Constitution and laws.'") (footnote omitted).

whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Denton v. Hernandez,* 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams,* 490 U.S. 319, 324 (1989)). To prevent such abusive litigation, Congress has authorized federal courts to dismiss an *in forma pauperis* complaint if they are satisfied that the action is frivolous or malicious. *Id.*; *see also* 28 U.S.C. §§ 1915(e)(2)(B)(i) and 1915A(b)(1). A complaint may be dismissed as frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or law. *Neitzke v. Williams,* 490 U.S. 319, 328-29 (1989); *see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990). An action has no arguable legal basis when the defendant is immune from suit or when plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke,* 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton,* 504 U.S. at 32; *Lawler,* 898 F.2d at 1199. The Court need not accept as true factual allegations that are "fantastic or delusional" in reviewing a complaint for frivolousness. *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (quoting *Neitzke*, 490 U.S. at 328).

Congress also has authorized the *sua sponte* dismissal of complaints that fail to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915 (e)(2)(B)(ii) and 1915A(b)(1). A complaint filed by a *pro se* plaintiff must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble,* 429 U.S. 97, 106 (1976)). By the same token, however, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Hill*, 630 F.3d at

2

470-71 ("dismissal standard articulated in *Iqbal* and *Twombly* governs dismissals for failure to state a claim" under §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556).  The Court must accept all well-pleaded factual allegations as true, but need not "accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).  Although a complaint need not contain "detailed factual allegations," it must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).  A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.  Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557.  The complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson*, 551 U.S. at 93 (citations omitted).

**B.    Plaintiff's Complaint**

In his complaint, plaintiff asserts claims for alleged violations of the First, Eighth, and Fourteenth Amendments to the United States Constitution.  (*See* Doc. 1-2, at PageID 104).

Plaintiff first alleges that, after a confrontation with an officer at SOCF in September 2017, he was placed in extended restrictive housing.  He asserts that when he obtained his personal property in October or November 2017 his CD player and CDs were missing. Plaintiff alleges that he filed grievances regarding the missing property but that his grievances were "spitefully" denied.  Plaintiff asserts that defendant Mahlman deliberately denied him property to which he was entitled in restrictive housing.  (Doc. 1-2, at PageID 104, 107).

Plaintiff next alleges that, in August 2018, he was placed in segregation for an altercation with another inmate. Plaintiff asserts that during the altercation excrement was thrown at him and he used his blanket as a shield. Plaintiff alleges that after the altercation he was placed in K2 block because the "hole" was full and was denied a shower. Plaintiff asserts that defendant Mahlman denied his complaint against the pack-up officer, who is not named as a defendant,[2] for putting the soiled blanket in with plaintiff's clean property. (Doc. 1-2, at PageID 107).

Next, plaintiff alleges that defendant Lawless became a "c/o [corrections officer]" in 2017, and that plaintiff has witnessed Lawless destroy the property of and write conduct violations against other inmates. (Doc. 1-2, at PageID 107). Plaintiff also alleges that he has written several complaints against Lawless for tampering with plaintiff's legal mail. (Doc. 1-2, at PageID 107). Plaintiff further alleges that on an unspecified date defendants Lawless and Parish interrupted him in his cell while he was trying a new style of prayer. Plaintiff claims that Parish announced that he had heard that plaintiff liked to assault corrections officers and that Lawless then said that he had heard about that and had also heard that plaintiff "got fucked up for it too." (Doc. 1-2, at PageID 107). Plaintiff asserts that after that exchange Lawless "has been out for [plaintiff] with no one in the institution or Columbus willing to address this officers [sic] unprofessional conduct." (Doc. 1-2, at PageID 107).

Plaintiff claims that during a shakedown of his cell block in February 2018 defendant Lawless put his face close to plaintiff's and said: "this guy likes to assault staff, then he snitches on us." (Doc. 1-2, at PageID 107). Plaintiff alleges that Deputy Warden Cool, who is not named as a defendant, "disavowed" Lawless's behavior, which plaintiff alleges included

---

[2]A number of plaintiff's allegations are asserted against non-defendant third parties. To the extent that plaintiff asserts claims against non-defendants, those claims are subject to dismissal.

destroying his legal work. (Doc. 1-2, at PageID 107). Plaintiff alleges that he also submitted

multiple complaints about Lawless destroying plaintiff's legal work to Block Sergeant Smoot,

who is not named as a defendant. (Doc. 1-2, at PageID 107). Plaintiff asserts that all he ever

got in response to his complaints was a "[we] will talk to this officer" or "apathy for this

officer destroying [plaintiff's] constitutionally protected documents." (Doc. 1-2, at PageID

106). Plaintiff alleges that Lawless's "retaliation towards [him] and the state's unwillingness

to correct it got [him] sent to the hole"[3] and that upon plaintiff's return to the cell block

Lawless targeted him by stating "they let this snitch back on the block." (Doc. 1-2, at PageID

106).

Plaintiff alleges that on Memorial Day 2018 Lawless and a non-defendant nurse were

doing pill call and Lawless loudly and sarcastically stated "this fuck stick doesn't get meds."

(Doc. 1-2, at PageID 106). Plaintiff asserts that "[t]his incident draws [his] last straw with

Lawless and [he] then swallow [sic] a lot of pills and metal in front of the [non-defendant]

nurse." (Doc. 1-2, at PageID 106). Plaintiff attaches to the complaint a declaration from

another inmate, Jamaine Jeremy Eaton, stating that Eaton observed plaintiff (through a mirror)

swallow the pills. (Doc. 1-2, at PageID 110). Eaton further states that plaintiff claimed he was

suicidal and that Lawless, the nurse, and another, non-defendant corrections officer ignored

plaintiff's statement and left him unattended. (Doc. 1-2, at PageID 110). According to

plaintiff, after Lawless, the nurse, and the other corrections officer left, defendants Haywood

and Bowers sprayed plaintiff in his cell with a "mach-9." (Doc. 1-2, at PageID 106, 108).

---

[3]The State of Ohio is not named as a defendant in this case. As noted above, to the extent that plaintiff
asserts claims against non-defendants, those claims are subject to dismissal. Further, "[u]nder the Eleventh
Amendment, a State may not be sued in federal court unless it has consented to such a suit or its immunity has been
property abrogated by Congress." *Latham v. Office of Atty. Gen. of State of Ohio*, 395 F.3d 261, 270 (6th Cir.2005).
*See also Mixon v. Ohio*, 193 F.3d 389, 397 (6th Cir. 1999) ("Ohio has not waived its sovereign immunity in federal
court."); *Reid v. Tenn.*, No. 94-6199, 1995 WL 619964, at *2 (6th Cir. Oct. 20, 1995) ("Section 1983 does not
abrogate Eleventh Amendment immunity.") (citing *Berndt v. Tenn.*, 796 F.2d 879, 881 (6th Cir. 1986)).

Plaintiff alleges that he was again sprayed with the "mach-9" when he refused to exit his cell. (Doc. 1-2, at PageID 108).  Plaintiff claims that he later learned that Lawless had made a "bogus report" that plaintiff had threatened the nurse.  (Doc. 1-2, at PageID 106).

Plaintiff asserts that Parish was "involved in using excessive force" on May 28, 2018. Plaintiff alleges, however, that he is "solely concerned about the legal work and property" Parish allegedly destroyed when he packed up plaintiff's property for segregation.  According to plaintiff, he was placed in the "hole" for asking for a grievance form.  (Doc. 1-2, at PageID 106).

Plaintiff claims that he informed non-defendant medical staff at the Ohio State University Hospital that the "degraded" life he lived at SOCF led him to swallow the pills. Plaintiff further alleges that he told unidentified Central Office officials, who are not named as defendants, that he had been denied informal complaints since his return to SOCF.  Plaintiff also alleges that he mentioned the denial of informal complaints in his Rules Infraction Board appeal but "was still denied justice."  (Doc. 1-2, at PageID 108).

For relief, plaintiff seeks monetary and injunctive relief.  (Doc. 1-2, at PageID 105).

## C.    Analysis

Liberally construed and without the benefit of briefing by the parties, the complaint is deserving of further development and may proceed at this juncture against defendant Lawless on claims of retaliation and deliberate indifference related to plaintiff's allegations that Lawless ignored plaintiff and issued a "bogus" report against him for threatening staff after plaintiff swallowed a large number of pills on Memorial Day 2018, and against defendants Haywood and Bowers on a claim that they used excessive force against plaintiff on Memorial Day 2018.[4]  *See*

---

[4]Plaintiff variously refers to the date in question as Memorial Day and May 28, 2018.  The Court may take judicial notice of the fact that Memorial Day 2018 was May 28, 2018.  *See, e.g.*, *Evans v. DSW, Inc.*, No. CV 16-

28 U.S.C. § 1915(e)(2)(B) & 1915A(b).  However, the complaint should otherwise be dismissed for failure to state a claim.

First, plaintiff's claims against any defendant in his or her official capacity must be dismissed to the extent that plaintiff seeks monetary damages.  An action against a state official in his or her official capacity is the equivalent of an action against the State he or she represents. *Hafer v. Melo*, 502 U.S. 21, 25 (1991); *Will v. Michigan Dep't. of State Police*, 491 U.S. 58, 70-71 (1989).  Therefore, the defendants in their official capacities are immune from suit to the extent that plaintiff seeks monetary damages.

Next, to the extent plaintiff may be asserting claims on behalf of other inmates at SOCF as well as himself, he "lacks standing to assert the constitutional rights of other prisoners" and is not permitted as a *pro se* litigant to bring a class action lawsuit concerning prison conditions. *See Dodson v. Wilkinson,* 304 F. App'x 434, 438 (6th Cir. 2008) (and cases cited therein); *see also White v. Kasich,* No. 2:12cv1125, 2013 WL 941440, at *10 (S.D. Ohio Mar. 8, 2013) (Deavers, M.J.) (Report & Recommendation) (explaining that the reason *pro se* prisoners are generally prohibited from bringing class actions is because they are unable to "adequately to represent the interests of the class"), *adopted,* 2013 WL 1281887 (S.D. Ohio Mar. 27, 2013) (Smith, J.); *Brown v. Collins,* No. 2:07cv826, 2008 WL 818793, at *2 (S.D. Ohio Mar. 24, 2008) (Kemp, M.J.; Frost, J.) (citing *Palasty v. Hawk,* 15 F. App'x 197, 200 (6th Cir. 2001)) (same); *Marcum v. Jones,* No. 1:06cv108, 2006 WL 543714, at *1 (S.D. Ohio Mar. 3, 2006) (Dlott, J.) (and cases cited therein) (holding that the *pro se* inmate "may bring his own claims to federal court without counsel, but not the claims of others").  Therefore, plaintiff's claims are limited to alleged violations of his own federal rights.  *Cf. Dodson,* 304 F. App'x at 438.

---

3791 JGB (SPx), 2017 WL 7058232, *2 n.3 (C.D. Cal. Sept. 14, 2017) (taking judicial notice of fact that Monday, May 30, 2016 was Memorial Day).

Further, plaintiff's claims against defendant Mahlman should be dismissed. Plaintiff seeks to hold Mahlman liable based on her alleged handling of his grievances. However, "[a] prisoner does not have a constitutionally protected right to an effective grievance procedure." *Valladolid v. Mich. Dep't of Corr.*, No. 15-1930, 2017 WL 3528221, at *3 (6th Cir. Feb. 14, 2017) (citing *Hewitt v. Helms*, 459 U.S. 460, 467 (1983), *abrogated on other grounds by Sandin v. Conner*, 515 U.S. 472 (1995); *Argue v. Hofmeyer*, 80 F. App'x 427, 430 (6th Cir. 2003)). For this reason, plaintiff's claim that he was denied grievance forms also fails to raise a claim of constitutional magnitude. Moreover, plaintiff's vague and conclusory allegations that Mahlman "deliberately denied him property to which he was entitled in restrictive housing" are insufficient to state a claim. *Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 565-66. Similarly, plaintiff's vague and conclusory allegation that he was sent to the "hole" for asking for a grievance is insufficient to state a claim. *Id*.

Plaintiff's claims against Parish should also be dismissed. Plaintiff alleges that Parish verbally harassed plaintiff and destroyed his legal papers. Plaintiff also appears to allege that Parish interrupted plaintiff while he was praying in his cell. Under the First Amendment, prisoners have a fundamental right of access to the Courts. *Lewis v. Casey*, 518 U.S. 343, 346 (1996). "The United States Supreme Court has established that, in order to have standing to bring a claim for denial of access to the courts, the inmate must establish that he suffered an actual injury as a result of the alleged denial." *Winburn v. Howe*, 43 F. App'x 731, 733 (6th Cir. 2002) (citing *Lewis*, 518 U.S. at 350-51). "Actual injury" is not shown "without a showing that such a claim has been lost or rejected, or that the presentation of such a claim is currently being prevented." *Root v. Towers*, No. 00-1527, 2000 WL 1888734, at *1 (6th Cir. Dec. 21, 2000). "In other words, an inmate who claims that his access to courts was denied fails to state a claim

'without any showing of prejudice to his litigation.'" *Wilburn*, 43 F. App'x at 733 (quoting *Kensu v. Haigh*, 87 F.3d 172, 175 (6th Cir. 1996)).

In this case, plaintiff fails to allege facts showing that he suffered any actual injury as a result of the alleged destruction of his legal materials.  He has not alleged facts showing he has been unable to file court pleadings, missed court deadlines, or had a case dismissed in any nonfrivolous legal proceeding based on the defendant's conduct.  Without such allegations, plaintiff's complaint fails to state a claim for relief for a denial of access to the courts under the First Amendment.

Nor has plaintiff stated a claim against Parish for allegedly using threatening language or interrupting plaintiff praying in his cell.  It is well-established that allegations of verbal abuse and harassment are insufficient to state a claim under § 1983.  *See Johnson v. Dellatifia,* 357 F.3d 539, 546 (6th Cir. 2004); *Ivey v. Wilson,* 832 F.2d 950, 954-55 (6th Cir. 1987); *Davis v. Michigan Dep't of Corrections,* 746 F. Supp. 662, 667 (E.D. Mich.1990); *see also Marbury v. Hicks*, No. 1:09-cv-407, 2009 WL 5096105, at *2 (N.D. Ohio Dec. 16, 2009) (finding that plaintiff's allegations that defendant corrections officer pointed a finger in plaintiff's face failed to state a claim upon which relief could be granted).  Further, the alleged interruption of prayer on a single occasion fails to state a constitutional claim.  *See Johnson v. Brown*, No. 4:12-cv-04009-WMA-JHE, 2016 WL 705237, at *5 (N.D. Ala. Feb. 1, 2016) (Report & Recommendation) (finding that "the occasional interruption or delay of scheduled services" failed to state a First Amendment claim), *adopted*, 2016 WL 695708 (N.D. Ala. Feb. 22, 2016).

For the same reasons, plaintiff's claims against Lawless for alleged verbal harassment, destruction of legal property, and interrupting plaintiff's prayer on a single occasion fail to state a claim upon which relief may be granted.

Nor are plaintiff's conclusory allegations that Parish was "involved in using excessive force" against plaintiff on May 28, 2018, sufficient to state a claim for relief.  Not only does plaintiff appear to assert that he is not seeking relief against Parish based on these allegations (*see* Doc. 1-2, at PageID 106),[5] plaintiff's excessive-force allegations against Parish are utterly conclusory.  *See Twombly*, 550 U.S. at 555 (holding that pleadings must offer more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action").

Finally, although the Court has, at this juncture, allowed claims for retaliation and deliberate indifference to proceed against defendant Lawless relating to plaintiff's allegations that he was ignored and issued a "bogus" conduct violation after swallowing a large number of pills on Memorial Day 2018, plaintiff has failed to state a retaliation claim against Lawless or any defendant based upon allegations of verbal harassment.  Alleged threats and harassment do not rise to the level of adverse conduct.  *See Smith v. Craven*, 61 F. App'x 159, 162 (6th Cir. 2003) ("But of the two retaliatory acts...false disciplinary report and verbal harassment, only the first was an adverse action....").

Accordingly, in sum, the complaint may proceed at this juncture against defendant Lawless for retaliation and deliberate indifference related to plaintiff's allegations that Lawless ignored plaintiff and issued a "bogus" report against him for threatening staff after plaintiff swallowed a large number of pills on Memorial Day 2018, and against defendants Haywood and Bowers for alleged excessive force on Memorial Day 2018.  *See* 28 U.S.C. §§ 1915(e)(2)(B) & 1915A(b).  Having found that the remaining allegations in the complaint fail to state a claim upon which relief may be granted, plaintiff's remaining claims should be dismissed.

---

[5]Plaintiff alleges:  "Tyler Parish is one of the officials who was involved in using excessive force during my extraction May 28th 2018.  However I'm solely concerned about the legal work and property that was destroyed by 'Parish' when he did my (seg) pack up."  (Doc. 1-2, at PageID 106).

**IT IS THEREFORE RECOMMENDED THAT:**

1.  The complaint be **DISMISSED with prejudice** pursuant to 28 U.S.C.
§§ 1915(e)(2)(B) and 1915A(b)(1), with the exception of plaintiff's claims against defendant
Lawless for retaliation and deliberate indifference related to plaintiff's allegations that Lawless
ignored plaintiff and issued a "bogus" report against him for threatening staff after plaintiff
swallowed a large number of pills on Memorial Day 2018, and against defendants Haywood and
Bowers for alleged excessive force on Memorial Day 2018.

2.  The Court certify pursuant to 28 U.S.C. § 1915(e)(2)(B) that for the foregoing reasons
an appeal of any Order adopting this Report and Recommendation would not be taken in good
faith, and therefore, deny plaintiff leave to appeal *in forma pauperis.  See McGore v.
Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).

**IT IS THEREFORE ORDERED THAT:**

1.  The United States Marshal shall serve a copy of the complaint, summons, the separate
Order issued granting the plaintiff *in forma pauperis* status, and this Order and Report and
Recommendation upon defendants Lawless, Bowers, and Haywood.

2.  Plaintiff shall serve upon defendants or, if appearance has been entered by counsel,
upon counsel, a copy of every further pleading or other document submitted for consideration by
the Court.  Plaintiff shall include with the original paper to be filed with the Clerk of Court a
certificate stating the date a true and correct copy of any document was mailed to defendants or
defendants' counsel.  Any paper received by a district judge or magistrate judge which has not
been filed with the Clerk or which fails to include a certificate of service will be disregarded by
the Court.

3.  Plaintiff shall inform the Court promptly of any changes in his address which may occur during the pendency of this lawsuit.

_s/Stephanie K. Bowman_
Stephanie K. Bowman
United States Magistrate Judge

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

LAWRENCE R. BURFITT,               Case No. 1:19-cv-781
     Plaintiff,

                                    Barrett, J.
     vs                             Bowman, M.J.

BRION LAWLESS, et al.,
     Defendants.

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations.   This period may be extended further by the Court on timely motion for an extension.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

13