UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

Lawrence R. Burfitt,

    Plaintiff,

v.

Brion Lawless, *et al.*,

    Defendants.

Case No. 1:19cv781

Judge Michael R. Barrett

## ORDER

This matter is before the Court on the Magistrate Judge's January 21, 2021 Report and Recommendations ("R&R") (Doc. 28) recommending that Defendants' Motion for Summary Judgment (Doc. 24) and Motion to Strike (Doc. 27) be denied. Defendants, CO Brian Lawless, Lt. Gary Haywood, and Lt. William Bauer filed timely objections to the Magistrate Judge's R&R. (Doc. 31).

Also before the Court is Defendants' Motion to Dismiss, or, In the Alternative, Motion for Extension of Dispositive Motion Deadline. (Doc. 29). Plaintiff filed a response opposing the motion. (Doc. 35).

### I.   STANDARD OF REVIEW

When objections are made to a magistrate judge's report and recommendation on a nondispositive matter, this Court "shall modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a). The "clearly erroneous" standard applies to the magistrate judge's factual findings and the "contrary to law" standard applies to the legal conclusions. *Sheppard v. Warden, Chillicothe Corr., Inst.*, 1:12-CV-198, 2013 WL 146364, *5 (S.D. Ohio Jan. 14, 2013).

Legal conclusions should be modified or set aside if they "contradict or ignore applicable precepts of law, as found in the Constitution, statutes, or case precedent." *Gandee v. Glaser*, 785 F.Supp. 684, 686 (S.D. Ohio 1992). When objections to a magistrate judge's report and recommendation are received on a dispositive matter, the assigned district judge "must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). After review, the district judge "may accept, reject, or modify the recommended decision; receive further evidence; or return the matter to the magistrate judge with instructions." *Id.*; *see also* 28 U.S.C. § 636(b)(1).

## II.     BACKGROUND

Plaintiff Lawrence Burfitt is proceeding in this matter *pro se*. Plaintiff brings claims for violations of the First and Eighth Amendments to the United States Constitution against Defendants Lawless, Mahlman, Parish, Haywood, and Bowers, who are all employees of Southern Ohio Correctional Facility ("SOCF"). (Doc. 3 at 3). Plaintiff asserts that while he was incarcerated at SOCF, "Defendants' use of force, retaliation, and deliberate indifference violated his First and Eighth Amendment rights under the United States Constitution." (Doc. 28 at 1).

This Court previously dismissed Plaintiff's claims against Defendants Mahlman and Parish; and dismissed Plaintiff's official capacity claims against Defendants Lawless, Haywood, and Bowers. (Doc. 4; Doc. 5 at 1-2). The remaining claims are Plaintiff's First Amendment retaliation and Eighth Amendment deliberate indifference claims against Defendant Lawless in his personal capacity; and Plaintiff's Eighth Amendment excessive force claim against Defendants Haywood and Bowers in their individual capacities.

Plaintiff claims that Defendant Brion Lawless retaliated against him in various ways, including destroying Plaintiff's legal work (Doc. 4 at 5), sending Plaintiff to "the hole" (Id.), keeping Plaintiff's medication from him (Id.), and calling him derogatory names (Doc. 14 at 8). In their Motion for Summary Judgment, Defendants argue that Plaintiff's claims should be dismissed because Plaintiff failed to exhaust administrative remedies before filing this claim in compliance with the Prison Litigation Reform Act of 1995.

As the Magistrate Judge explained, pursuant to Ohio Administrative Code 5120-9-31, Plaintiff submitted an informal complaint reporting Defendant Lawless's retaliatory conduct. (Doc. 28 at 3). Plaintiff initially submitted it to the wrong department, so he then filed a Use of Force Statement to Defendant's supervisor. (Id. at 3-4). Plaintiff's grievances were denied, but he did not appeal them. (Id. at 4). Plaintiff filed another grievance for retaliation against the SOFC but "did not name Bryant [sic] Lawless." (Id. quoting Doc. 24 at 10). Plaintiff maintains that Defendants and other SOCF officials made it impossible for him to complete the grievance procedure because he had been (1) forced to move cells five times, (2) had his legal work taken from the cells, and (3) had been intimidated and threatened by Defendant Lawless. (Id. at 4-5).

The Magistrate Judge recommends denying Defendants' Motion for Summary Judgment.  The Magistrate Judge explained that even though the Prison Litigation Reform Act of 1995 mandates prisoners exhaust their administrative procedures within prisons before filing suit in federal court, *Ross v. Blake*, 136 S.Ct. 1850, 1853 (2016) holds that a prisoner's obligation to exhaust his administrative procedures hinges upon the availability of the procedures to the prisoner.  The Magistrate Judge concluded that there exists a genuine issue of material fact whether Defendants' action would "deter a person of

3

ordinary firmness from proceeding through the grievance process" which would render the administrative procedures unavailable under *Does 8–10 v. Snyder*, 945 F.3d 951, 961 (6th Cir. 2019). (Doc. 28 at 5-9).[1]

In their Objections, Defendants point out that Plaintiff filed "dozens of grievances in the weeks and months following the incident central to his complaint." (Doc. 31 at 4 citing Doc. 24, Ex. C at 13-15). Defendants maintain that this demonstrates that Plaintiff was not intimidated and threatened by Lawless; and Defendants "object to the conclusion in the R&R that there is a genuine issue of material fact in dispute as to whether Plaintiff failed to exhaust his administrative remedies out of fear of retaliation." (Id. at 5). In addition, Defendants argue even if Plaintiff is excused from exhausting administrative against Lawless for fear of further retaliation, Plaintiff has not argued that he was afraid of retaliation from Defendants Haywood or Bauer.

Defendants have also moved to dismiss the case based on Plaintiff's wishes, citing a conversation with Plaintiff and Plaintiff's filing in another case in the Northern District of Ohio. (Doc. 29 at 2). In that filing, Plaintiff stated: "I'm enclosing this brief to inform you that I voluntarily withdrew my case against Brion Lawless that was filed in the Southern District." (Doc. 29-1 at 1, *grammatical corrections made in quote*). However, in this Court, Plaintiff filed a response to Defendant's Motion to Dismiss, requesting this case to

---

[1] Defendants also moved to strike Plaintiff's declaration, arguing that it contains "improper statements and assertions of which [Plaintiff] has no personal knowledge" and "groundless accusations against Defendant Lawless that have nothing to do with this litigation." (Doc. 27 at 2-3). The Magistrate Judge recommends denying the motion. The Magistrate Judge explained that pursuant to Federal Rule of Civil Procedure 12(f), "the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter;" but that motions to strike should only be used where the text has "no possible relation to the controversy." *Anderson v. U.S.*, 39 F. App'x 132, 135 (6th Cir. 2002). Defendants did not object to this portion of the Magistrate Judge's R&R.

proceed. (Doc. 35). Plaintiff explains: "Plaintiff Lawrence Burfitt has come forth to Petition the Court to allow this case to move forward." (Id.)

### III. ANALYSIS

#### A. Motion for Summary Judgment

Federal Rule of Civil Procedure 56(a) provides that summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." The moving party has the burden of showing an absence of evidence to support the non-moving party's case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). Once the moving party has met its burden of production, the non-moving party cannot rest on his pleadings, but must present significant probative evidence in support of his complaint to defeat the motion for summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986). In determining whether genuine factual issues exist, this Court must "draw all reasonable inferences in favor of the nonmoving party" without "mak[ing] credibility determinations or weigh[ing] the evidence"—indeed, the Court "must disregard all evidence favorable to the moving party that the jury is not required to believe." *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150-51, 120 S.Ct. 2097, 147 L.Ed.2d 105 (2000).

As the Magistrate Judge explained, pursuant to the Prison Litigation Reform Act of 1995, prisoners wishing to bring complaints in federal court must exhaust prison grievance procedures before filing suit. 42 U.S.C. § 1997e(a). A prisoner's failure to exhaust these prison grievance procedures and administrative remedies is an affirmative defense. *Jones v. Bock*, 549 U.S. 199, 216 (2007). However, if "a grievance [process] is rendered unavailable [by] prison administrators thwart[ing] inmates from taking

5

advantage of it through 'machination, misrepresentation, or intimidation,'" the prisoner is not able to exhaust the administrative remedy. *Ross*, 136 S.Ct. at 1853-854. When prison officials are accused of harassing, intimidating, and retaliating against the prisoner trying to file a federal claim, "the question is whether prison officials took an adverse action 'that would deter a person of ordinary firmness from' continuing with the grievance process." *Snyder*, 945 F.3d at 961, *citing Thaddeus-X v. Blatter*, 175 F.3d 378, 396 (6th Cir. 1999). "Thus, unless the claimed retaliatory action is truly 'inconsequential,' the plaintiff's claim should" survive summary judgment. *Bell v. Johnson*, 308 F.3d 594, 603 (6th Cir. 2002).

In *Snyder*, cited by the Magistrate Judge, the Sixth Circuit overturned a grant of summary judgment in favor of prison officials where prison officials "read [plaintiff's] legal mail, destroyed [plaintiff's] personal property, and called [plaintiff] a rape victim over the loudspeaker (thus exposing [plaintiff] to further threats and harassment from inmates who would think that [plaintiff] was a 'rat' for reporting)." 945 F.3d at 967. The Sixth Circuit in *Snyder* relied on its earlier decision in *Bell v. Johnson*, in which the Sixth Circuit deemed prison officials leaving the plaintiff's cell in disarray twice, confiscating plaintiff's legal work without returning it to the plaintiff, and stealing the plaintiff's medical snacks satisfied the adverse action test. 308 F.3d at 605.

Here, as the Magistrate Judge explained, Plaintiff claims that he "would not have filed the first ICR if the porter didn't give [him] one behind the [correction officer]'s back;" he was "moved eight times in the matter of a week;" and his cell was "subtly tampered with and other times ra[n]sacked" when he showered or saw the mental health staff. (Doc. 26 at 3). At this stage of the litigation, the Court must assume Plaintiff's allegations are true. *See Himmelreich v. Fed. Bureau of Prisons*, 766 F.3d 576, 578 (6th Cir. 2014) (citing

*Risher v. Lappin*, 639 F.3d 236, 240 (6th Cir. 2011)). The Court finds no error in the Magistrate Judge's conclusion that these acts are not truly inconsequential and would deter a person of ordinary firmness from continuing with the grievance process. Moreover, as the Magistrate Judge explained, the fact that Plaintiff "was able to file some grievances does not mean that he was able to file all relevant grievances or that he was not prevented from timely filing the grievances." *Surles v. Andison*, 678 F.3d 452, 458 (6th Cir. 2012). Finally, the Court finds no support for Defendants' position that Plaintiff must demonstrate that each of the defendants prevented Plaintiff from filing a grievance against that specific defendant. At this stage, it is Defendants' burden to show that they did not interfere with the plaintiff's ability to exhaust his administrative remedies. *Accord Lawson v. LMDC*, No. 3:16cv728, 2019 WL 8953354, at *4 (W.D. Ky. Oct. 10, 2019) (rejecting the argument that according to *Brown v. Toombs*, 139 F.3d 1102, 1104 (6th Cir. 1998) it is the plaintiff's burden to prove exhaustion of administrative remedies with respect to each claim and each defendant because *Brown's* holding on that issue was explicitly abrogated by the Supreme Court in *Jones v. Bock*, 549 U.S. 199, 212 (2007)).

Accordingly, there is no error in the Magistrate Judge's conclusion that summary judgment is not proper based on the failure to exhaust.

    B. **Motion to Dismiss**

With regard to Defendants' Motion to Dismiss, pursuant to Federal Rule of Civil Procedure 41(a)(2) an action may be dismissed at the plaintiff's request by court order, but it appears that Plaintiff has now decided to continue this litigation. Therefore, to the extent that it seeks dismissal of this action, Defendants' Motion to Dismiss is DENIED.

To the extent that Defendants seek an extension of the dispositive motion deadline, the Motion is GRANTED.

IV. **CONCLUSION**

Having reviewed this matter *de novo* in accordance with Rule 72 of the Federal Rules of Civil Procedure, the Court finds the Magistrate Judge's January 21, 2021 R&R (Doc. 28) to be thorough, well-reasoned, and correct.  Accordingly, the Magistrate Judge's January 21, 2021 R&R (Doc. 28) is **ADOPTED** in its entirety, and Defendants' Objections (Doc. 31) are **OVERRULED**.  It is hereby **ORDERED** that:

1. The January 21, 2021 R&R (Doc. 28) is adopted in its entirety and, for the reasons set forth therein, Defendants' Motion for Summary Judgment (Doc. 24) and Motion to Strike (Doc. 27) are **DENIED**;

2. Defendants' Motion to Dismiss, or, In the Alternative, Motion for Extension of Dispositive Motion Deadline (Doc. 29) is **DENIED in PART** and **GRANTED in PART**;

    a. Defendants' Motion is DENIED to the extent that it seeks dismissal of this action;

    b. Defendants' Motion is GRANTED to the extent that Defendants seek an extension of the dispositive motion deadline;

3. The parties shall submit proposed dates for the dispositive motion deadline within **fourteen (14) days** of entry of this order.

IT IS SO ORDERED.

                               */s/ Michael R. Barrett*
                               Michael R. Barrett
                               United States District Court