UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

Lawrence R. Burfitt,

    Plaintiff,

v.

Brion Lawless, *et al*.,

    Defendants.

Case No.  1:19cv781

Judge Michael R. Barrett

### ORDER

This matter is before the Court on the Magistrate Judge's May 12, 2021 Order denying Defendant Bryan Lawless' Motion for an Evidentiary Hearing.  (Doc. 40). Defendant filed timely Objections (Doc. 41); and Plaintiff responded to those Objections (Doc. 44).

A magistrate judge's decision on a non-dispositive matter will be reversed only if it is "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); Fed.R.Civ.P. 72(a). The "clearly erroneous" standard applies to the magistrate judge's factual findings and the "contrary to law" standard applies to the legal conclusions. *Sheppard v. Warden, Chillicothe Corr., Inst.*, 1:12-CV-198, 2013 WL 146364, *5 (S.D. Ohio Jan. 14, 2013). Legal conclusions should be modified or set aside if they "contradict or ignore applicable precepts of law, as found in the Constitution, statutes, or case precedent."  *Gandee v. Glaser*, 785 F.Supp. 684, 686 (S.D. Ohio 1992).

The Magistrate Judge denied Defendant's Motion for an Evidentiary Hearing.  The Magistrate Judge concluded that an evidentiary hearing was unwarranted because this Court has already found that there are genuine issues of material fact as to whether

Plaintiff has exhausted his administrative remedies pursuant to the Prison Litigation Reform Act ("PLRA"). *See* 42 U.S.C. § 1997e(a) (providing that a prisoner may not bring an action "with respect to prison conditions under section 1983 of this title, or any other Federal law ... until such administrative remedies as are available are exhausted.").

In his objections, Defendant argues that these factual determinations regarding exhaustion under the PLRA are properly resolved by a judge, not a jury. Defendant maintains that there is no right to a jury trial on factual disputes regarding the failure to exhaust administrative remedies.

Failure to exhaust is an affirmative defense. *Jones v. Bock*, 549 U.S. 199, 216 (2007). Defendant bears the burden of proof on exhaustion. *See Surles v. Andison*, 678 F.3d 452, 455 (6th Cir. 2012). "Disputed issues of fact regarding exhaustion under the PLRA present a matter of judicial administration that could be decided in a bench trial." *Lee v. Willey*, 789 F.3d 673, 678 (6th Cir. 2015). The exhaustion issue is also appropriate for resolution at an evidentiary hearing. *See Richards v. Perttu*, No. 2:20-CV-00076, 2021 WL 4239967, at *5 (W.D. Mich. July 29, 2021) ("Accordingly, the undersigned concludes (1) that there is a genuine issue of fact as to whether Plaintiffs were thwarted from being able to properly exhaust their sexual abuse claims, and (2) that the exhaustion issue in this case is appropriate for resolution at an evidentiary hearing conducted pursuant to this Court's authority under *Lee v. Willey*."), report and recommendation adopted, No. 2:20-CV-76, 2021 WL 3508384 (W.D. Mich. Aug. 10, 2021); *see also Cohron v. City of Louisville, Ky.*, 530 F. App'x 534, 535 (6th Cir. 2013) ("The district court conducted an evidentiary hearing and determined that the document was not authentic. Based upon this finding and its conclusion that Cohron had otherwise failed to exhaust his

2

administrative remedies, the district court granted defendants' motion for summary judgment."). "Within the context of these evidentiary hearings, federal district or magistrate judges can resolve all genuine issues of material fact related to the exhaustion of administrative remedies." *Alexander v. Calzetta*, No. 2:16-CV-13293, 2018 WL 8345148, at *6 (E.D. Mich. Nov. 30, 2018) (citing *Lee*, 789 F.3d at 677-78), report and recommendation adopted, No. 16-CV-13293, 2019 WL 1011106 (E.D. Mich. Mar. 4, 2019). As one district court has noted: "A survey of district courts shows that magistrate judges routinely preside over exhaustion evidentiary hearings." *Jackson v. Pynnonen*, No. 2:20-CV-00170, 2021 WL 6424501, at *1 n.2 (W.D. Mich. Nov. 22, 2021), report and recommendation adopted, No. 2:20-CV-170, 2022 WL 102647 (W.D. Mich. Jan. 11, 2022).[1]

Based on the foregoing, the Court **SUSTAINS** Defendant Bryan Lawless' Objections (Doc. 41); and refers this matter to the Magistrate Judge for an evidentiary hearing whether Defendants' action would "deter a person of ordinary firmness from proceeding through the grievance process" which would render the administrative procedures unavailable under *Does 8–10 v. Snyder*, 945 F.3d 951, 961 (6th Cir. 2019)." (Doc. 36, PAGEID 447-48, 450).

**IT IS SO ORDERED.**

                                        */s/ Michael R. Barrett*
                                        Michael R. Barrett
                                        United States District Court

---

[1] As the Supreme Court has observed, under 28 U.S.C. § 636(b)(1)(B) "a judge may ... designate a magistrate to conduct hearings, including evidentiary hearings, and to submit to a judge of the court proposed findings of fact and recommendations for the disposition, by a judge of the court, ... of applications for posttrial relief made by individuals convicted of criminal offenses and of prisoner petitions challenging conditions of confinement." *Porter v. Nussle*, 534 U.S. 516, 526, 122 S. Ct. 983, 989, 152 L. Ed. 2d 12 (2002) (quoting 28 U.S.C. § 636(b)(1)(B)).