UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | |
|---|---|
| LAWRENCE R. BURFITT, | Case No. 1:19-cv-781 |
| Plaintiff, | |
| vs. | District Judge Michael R. Barrett |
| | Magistrate Judge Peter B. Silvain, Jr. |
| BRION LAWLESS, *et al.*, | |
| Defendants. | |

## REPORT AND RECOMMENDATION[1]

This matter is presently before the Court upon Plaintiff's Motion for Preliminary Injunction/Temporary Restraining Order ("TRO"). (Doc. #55). Defendants Bryan Lawless, Gary Haywood, and William Bauer ("Defendants") filed a response in opposition to Plaintiff's motion on July 5, 2022. (Doc. #56). Plaintiff did not file a reply, and the time to do so has since expired.

In his Motion, Plaintiff asserts that he made a settlement demand to Deputy Warden Walters related to the conditions of his confinement and treatment by staff members at the institution he is currently housed at, which is Toledo Correctional Institution ("ToCI"). (Doc. #55, *PageID* #500). After making this demand, Plaintiff reports that he was placed in segregation on January 20, 2022. *Id*. Plaintiff goes on to detail additional incidents with Walters and ToCI staff members that he claims are hindering and denying him access to the courts, including preventing him from "fluently p[u]rsu[ing]" his cases in the U.S. District Court for the Northern District of Ohio and the Lucas County Court of Common Pleas. *Id*. at 501-02. Plaintiff also alleges that he does not have access to the discovery in this case or his "pack up" now that he is in segregation.

---

[1] Attached is a NOTICE to the parties regarding objections to this Report and Recommendation.

*Id.* at 503. As a result, Plaintiff requests that the Court order Defendants to give him access to his discovery and legal work or to provide him with "all previous informal complaints, grievances, and appeals against [D]efendant Lawless prior to May 28th, 2018." *Id.*

In response, Defendants argue that Plaintiff has not met his burden to obtain injunctive relief. (Doc. #56). They also point out that Plaintiff's Motion seeks relief related to the conditions at his current institution, ToCI, while the issues in this case concern Defendants employed by Plaintiff's former institution, Southern Ohio Correctional Facility ("SOCF"), and the actions allegedly taken against Plaintiff while housed at SOCF. (Doc. #56).

Fed. R. Civ. P. 65 permits a party to a lawsuit to seek injunctive relief if he believes that he will suffer irreparable harm or injury while the suit is pending. "A preliminary injunction is an extraordinary remedy which should be granted only if the movant carries his or her burden of proving that the circumstances clearly demand it." *Overstreet v. Lexington-Fayette Urb. Cty. Gov't*, 305 F.3d 566, 573 (6th Cir. 2002) (citing *Leary v. Daeschner*, 228 F.3d 729, 739 (6th Cir. 2000)). In determining whether to issue a preliminary injunction, this Court must balance the following factors:

1. Whether the party seeking the injunction has shown a "strong" likelihood of success on the merits;

2. Whether the party seeking the injunction will suffer irreparable harm absent the injunction;

3. Whether an injunction will cause others to suffer substantial harm; and

4. Whether the public interest would be served by a preliminary injunction.

*Leary,* 228 F.3d at 736; *Overstreet*, 305 F.3d at 573. The same four-factor analysis applies to a motion for temporary restraining order. *Northeast Ohio Coal. for Homeless & Serv. Emps. Int'l Union v. Blackwell*, 467 F.3d 999, 1009 (6th Cir. 2006). The four factors are not prerequisites but must be balanced as part of a decision to grant or deny injunctive relief. *Leary*, 228 F.3d at 736.

Further, "a district court is not required to make specific findings concerning each of the four factors used in determining a motion for preliminary injunction if fewer factors are dispositive of the issue." *Jones v. City of Monroe,* 341 F.3d 474, 476 (6th Cir. 2003)*, abrogated on other grounds by Anderson v. City of Blue Ash*, 798 F.3d 338, 357 (6th Cir. 2015).

"The purpose of a preliminary injunction is to preserve the status quo until a trial on the merits." *S. Glazer's Distributors of Ohio, LLC v. Great Lakes Brewing Co.*, 860 F.3d 844, 848-49 (6th Cir. 2017) (citing *Univ. of Tex. v. Camenisch*, 451 U.S. 390, 395) (1981)). Indeed, a preliminary injunction is an extraordinary remedy that should only be granted "upon a clear showing that the plaintiff is entitled to such relief." *Id*. at 849 (citing *Winter v. Nat. Res. Def. Council, Inc*., 555 U.S. 7, 22 (2008); *see also Overstreet*, 305 F.3d at 573.

Plaintiff has not alleged facts sufficient to warrant a preliminary injunction. He has not presented any evidence showing either a substantial likelihood of success on the merits of his claims or demonstrating that he will suffer irreparable harm absent a preliminary injunction. As these issues are dispositive of Plaintiff's request, the undersigned need not consider the remaining factors. *Jones,* 341 F.3d at 476.

Moreover, the allegations contained in Plaintiff's Motion are unrelated to Defendants and, instead, involve staff members of a separate facility, who are not parties to this action. Accordingly, to the extent that Plaintiff requests that the Court intervene in the actions of nonparties, his request is also improper. For these reasons, Plaintiff's request cannot be met.

**IT IS THEREFORE RECOMMENDED THAT:**

    Plaintiff's Motion for Preliminary Injunction/Temporary Restraining Order (Doc. #55) be **DENIED**.

October 12, 2022

*s/Peter B. Silvain, Jr.*
Peter B. Silvain, Jr.
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within **FOURTEEN** days after being served with this Report and Recommendation. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within **FOURTEEN** days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).