UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | |
|---|---|
| LAWRENCE R. BURFITT, | : Case No. 1:19-cv-781 |
| Plaintiff, | : |
| vs. | : District Judge Michael R. Barrett |
| | : Magistrate Judge Peter B. Silvain, Jr. |
| BRION LAWLESS, *et al.*, | : |
| Defendants. | : |

**ORDER**

In January 2021, Magistrate Judge Stephanie K. Bowman recommended that Defendants' Motion for Summary Judgment on Exhaustion Only (Doc. #24) be denied, concluding that "[w]hether or not Plaintiff was prevented by Defendants from exhausting the available jail grievance procedure remains in dispute." (Doc. #28). District Judge Michael R. Barrett adopted Judge Bowman's Report and Recommendations. (Doc. #36). Thereafter, Defendants moved for an evidentiary hearing "on the factual issue as to whether Plaintiff exhausted his administrative remedies prior to filing suit as required by the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a)." (Doc. #37). After Magistrate Judge Bowman denied Defendants' Motion (Doc. #40), Defendants filed timely objections (Doc. #41).[1] Judge Barrett sustained Defendants' objections and referred this matter to the Magistrate Judge for an evidentiary hearing regarding "whether Defendants' actions would 'deter a person of ordinary firmness from proceeding through the grievance process' which would render the

---

[1] On February 1, 2022, the case was reassigned to the undersigned for all further proceedings. (Doc. #45).

administrative procedures unavailable under *Does 8–10 v. Snyder*, 945 F.3d 951, 961 (6th Cir. 2019)." (Doc. #46, *PageID* #483) (citing Doc. #26, *PageID* #s 447-48, 450). The undersigned subsequently held an evidentiary hearing and required the parties to file closing briefs.

In *Richards v. Perttu*, 96 F.4th 911 (6th Cir. 2024), the Sixth Circuit Court of Appeals recently considered whether the Seventh Amendment to the United States Constitution barred a district court from resolving factual disputes regarding exhaustion of administrative remedies in an evidentiary hearing when the factual disputes about exhaustion intertwined with the merits of his substantive case. Before reaching the Seventh Amendment issue, the Court reviewed Richards' First Amendment retaliation claim, noting that Richards alleged Perttu retaliated against him for filing grievances against him. The Court found that the factual disputes about exhaustion (i.e., whether Perttu prevented Richards from filing those grievances) were intertwined with the merits of Richards' retaliation claim. *Id.* at 916-20. The Court held that "the Seventh Amendment requires a jury trial when the resolution of the exhaustion issue under the PLRA would also resolve a genuine dispute of material fact regarding the merits of the plaintiff's substantive case." *Id.* at 923. However, "a jury trial is appropriate in these circumstances only if the district court finds that genuine disputes of material fact concerning PLRA exhaustion are 'decisive of the merits of the plaintiff's claim.'" *Id.* (citing *Fireman's Fund Ins. Co. v. Railway Express Agency, Inc.*, 253 F.2d 780, 784 (6th Cir. 1958). Accordingly, the Court concluded that the district court erred when it ordered an evidentiary hearing to settle the disputed facts in question. *Id.*

In light of the Sixth Circuit's decision, the parties are **DIRECTED** to file supplemental briefs to address the applicability of *Richards*—specifically whether the factual disputes about

2

exhaustion are intertwined with Plaintiff's substantive claims—by **May 20, 2024**. Parties may file responses by June 3, 2024.

**IT IS SO ORDERED.**

April 19, 2024

*s/Peter B. Silvain, Jr.*
Peter B. Silvain, Jr.
United States Magistrate Judge